IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIE E. BARFIELD, | ) | 8:07CV408 |
| | ) | |
| Plaintiff, | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| NEW BIRTH HOME, | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff has been granted provisional leave to proceed in forma pauperis (IFP). By proceeding IFP, the plaintiff subjects his complaint to initial review under the standards set forth in 28 U.S.C. § 1915(e)(2), which provides that the court shall dismiss the case at any time if the court determines that—

(A) the allegation of poverty is untrue; or
(B) the action or appeal–
   (i) is frivolous or malicious;
   (ii) fails to state a claim on which relief may be granted; or
   (iii) seeks monetary relief against a defendant who is immune from such relief.

The plaintiff alleges that his 38-year-old daughter, Annette Barfield, died while in the custody of the defendant New Birth Home, pursuant to a commitment order issued by the State of Nebraska Board of Mental Health. It is alleged that she was beaten by a male patient. The plaintiff claims that federal jurisdiction exists because of a civil rights violation, and he seeks to recover money damages.[1]

---

[1] The plaintiff alleges that "we feel state liable for such death." (Filing 1, at 2.) The State of Nebraska is not named as a defendant, but even if it was, it could not be held liable for money damages under 42 U.S.C. § 1983. Whether the defendant New Birth Home may be sued under section 1983 cannot be determined at this time.

Liberally construed, the complaint alleges a substantive due process claim for failing to protect an involuntarily committed mental patient. However, the plaintiff does not have standing to bring such a claim as the decedent's father. The claim can only be brought directly on behalf of his daughter's estate. Because the plaintiff does not allege that he has been appointed by a court to act as the personal representative of his daughter's estate, he has failed to state a claim upon which relief can be granted. Thus, the case must be dismissed unless (1) the complaint is amended to show that the plaintiff actually has standing to sue on behalf of his daughter's estate or (2) the real party in interest (*i.e.*, the personal representative of the decedent's estate) is substituted as plaintiff.

Federal Rule of Civil Procedure 17(a) provides, in part: "No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." Without knowing the facts, the court will assume that 60 days is a reasonable period of time to accomplish any necessary substitution of plaintiffs in this case. Of course, if the plaintiff already has standing to sue, then he should be able to correct the existing pleading problem in much less time.

Therefore, the court will allow 60 days for the filing of an amended complaint that satisfies either one of the conditions stated above. In other words, the amended complaint must be filed on behalf of the Estate of Annette Barfield, Deceased, by a personal representative (who can either be the plaintiff or another person) who has been duly appointed in the appropriate state court. If such an amended complaint is not filed within 60 days, then, unless an extension of time is granted,[2] this case will be subject to dismissal without prejudice and without further notice.

---

[2] If the plaintiff requires additional time, he must file a motion requesting an extension and detail the reasons why more time is needed.

IT IS ORDERED that:

1. The plaintiff shall have until December 31, 2007, to file an amended complaint that is brought on behalf of the Estate of Annette Barfield, Deceased, by a duly appointed personal representative (whether the current plaintiff or someone else).

2. If such an amended complaint is not filed by the deadline stated above, this case will be subject, without further notice, to dismissal without prejudice.

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: "December 31, 2007: deadline for filing amended complaint."

October 30, 2007.　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　s/ *Richard G. Kopf*
　　　　　　　　　　　　　　　United States District Judge